Appeal from the decision of a surrogate appointing a general guardian of an infant. The chancellor decided that the Act of 1887 concerning the proof of wills, etc., which modified the provisions of the Revised Statutes relative to the appointment of guardians by surrogates, by declaring that notice of the application shall he required to be served on such relatives only of the infant as the surrogate shall direct, does not relieve the surrogate from the duty of making the inquiry contemplated by the Revised Statutes, for the purpose of ascertaining who are the relatives of the infants residing in the county, and of directing notice of the application tó be given to such and so many of them as may be deemed reasonable. That where the application is made by one who is not related to the infant either by affinity or consanguinity, it is the duty of the surrogate to inquire and ascertain whether the infant has any such relatives in the county who are of sufficient ago and capacity to protect the *rights and interests of the minor in the selection of a proper guardian, and in obtaining the requisite security from him. And if the nearest relatives of the infant do not join in the application, or give their consent to the same, the surrogate should direct notice to be given to such and so many of them as he may deem necessary to protect the infant’s interest and rights on such application. That he should enter his decision on that subject in the minutes of his proceedings, and should require the applicant to furnish the evidence of the service of such notice before he proceeds to make the appointment. That where the application is made by a rela tive of the infant, the surrogate should make the requisite inquiries to ascertain whether there are any other relatives related to the infant in the same degree, or more nearly, and direct notice of the hearing to be given accordingly; and that where the surrogate errs in either of these particulars the appellate court may reverse his decision and set aside the appointment of guardian upon that ground. That the fact that the real estate which constitutes the principal part of the infant’s property came to him by descent from his father, and therefore would go to his paternal relations in case of his death under age and without issue, affords no grounds for giving a preference to the paternal relatives in the appointment of the guardian. That it is not absolutely necessary that the appeal from an order of a surrogate appointing a guardian should be in the name of the infant as the nominal appellant; or that the appellant should have any pecuniary interest in the appointment or removal of the guardian, to-entitle him to institute an appeal in his own name. But that it is proper the infant himself should be a partj to the appeal; especially where the appeal is from an order removing a guardian or refusing to appoint, the person 'by whom the appeal is brought. That even where the appeal is from an order appointing a guardian, *if the infant does not himself appeal by his next friend, the appellant may make him a party to the petition of appeal jointly with the person appointed as guardian by the surrogate; but that in that case, as the guardian himself must be made a party, there is no absolute necessity for making the infant a party also. Decision of the surrogate reversed, and a reference directed to injunction master of the Seventh Circuit. Question of costs reserved.